UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. EVANS, JR., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES MARSHALS SERVICE, <br><br> Respondent. | Civil Action No. 15-1612 (JEB) |

MEMORANDUM OPINION

William H. Evans, Jr., a state prisoner in Ohio, filed this *pro se* habeas petition against the United States Marshals Service seeking the removal of what he describes as a "detainer" that USMS allegedly placed in his record. This is the second petition related to the same detainer that Evans has filed in this courthouse. The first was summarily transferred to the Southern District of Ohio, and this Court will follow suit, albeit after a lengthier analysis.

I.  Background

Evans has submitted multiple habeas petitions in several different jurisdictions. The first was filed in the Eastern District of Virginia in August 2014 and was transferred to the Southern District of Ohio in October 2015. See Evans v. U.S. Marshal[s] Service, No. 14-1015 (E.D. Va. filed Aug. 7, 2014). Evans is currently appealing that transfer to the Fourth Circuit and has filed a notice of dismissal of the transferred petition in the Southern District of Ohio. See Evans v. U.S. Marshal[s] Service, No. 15-7788 (4th Cir. appeal noted Oct. 20, 2015); Evans v. U.S. Marshal[s] Service, No. 15-677 (S.D. Ohio). The second was filed in the Southern District of Ohio in September 2014, and on March 31, 2015, that court held that Evans "ha[d] failed to establish that he is 'in custody' on the claimed detainer that has been lodged against him." Evans

1

v. U.S. Marshal[s] Service, No. 14-1451, 2015 WL 1476654, at *3 (S.D. Ohio Mar. 31, 2015). Because he was not "in custody," he did not satisfy the requirements of 28 U.S.C. § 2241(c), and the court dismissed the case, holding that it lacked jurisdiction to consider his petition. See id. He is currently appealing this ruling. See Evans v. Warden, No. 15-3373 (6th Cir.).

Evans filed his third petition on October 29, 2014, in this courthouse, and on that same day, Judge Amy Berman Jackson issued a summary order transferring the petition to the Southern District of Ohio, given Evans's current incarceration in that district. See Evans v. U.S. Marshals Service, No. 14-1818 (D.D.C. Oct. 29, 2014), Transfer Order at 1. Evans thereafter appealed the transfer, and the D.C. Circuit ultimately held that it "lack[ed] jurisdiction to review the district court's transfer order because the case was transferred" before Evans sought review. In re: William H. Evans, Jr., No. 14-5323, slip op. at 1 (D.C. Cir. Aug. 6, 2015). In the Ohio proceedings on this petition, he now contends that all of the judges in the Sixth Circuit and Southern District of Ohio should be recused. See Evans v. U.S. Marshal[s] Service, No. 14-912 (S.D. Ohio).

Apparently dissatisfied with his lack of progress, Evans now returns with his fourth petition. In this one, he contends that his previous D.C. petition was "wrongly '[t]ransferred'" and that "[s]ince the D.C. Circuit alleges the only reason it will not review the transfer, is because it 'lacks jurisdiction,'" he is free to re-file his petition here. See Pet., ¶¶ 4, 7. Evans further asserts that the issue of the "'[d]etainer' has never yet been heard on the merits." Id., ¶ 11.

The crux of his complaint is his belief that there was a "[federal] '[d]etainer'/warrant . . . placed against Petitioner on July 11, 2008, by the U.S. Marshal[s] Service, (USMS/FID: 1482336)," and that such "detainer" was placed against him without notice. Id., ¶¶ 2-3. Evans

requests that "the writ be granted, and the detainer be ordered forthwith [removed] from" his state and federal prison records. Id., ¶ 21.

Before proceeding further, a brief explanation of the term "detainer" may prove useful. Black's Law Dictionary (10th ed. 2014) offers that, in the criminal-justice context, it is "[a] request sent by a criminal-justice agency to a prison . . . requesting either that a certain inmate be held for the agency or that the agency be notified a reasonable time before the inmate is released." The Supreme Court, similarly, has defined a detainer as "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985). Such requests or notifications are generally "based on outstanding criminal charges, outstanding parole- or probation-violation charges, or additional sentences already imposed against the prisoner." Id.; see Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir. 1993). In other words, a detainer typically prevents a prisoner from being released at the end of his sentence and, instead, operates as a hold until he is transferred elsewhere or picked up by another jurisdiction.

In responding to the Court's Order to Show Cause, USMS does admit having placed a notice in Evans's file on June 3, 2008, but it disputes Petitioner's understanding of the nature of such document. Addressed to the "Inmate Records Office," it provides notice that Evans is "under investigation by the U.S. Marshals Service as he[] may pose a threat to the life of a Federal Judge(s) or other USMS Protectee(s)." Return to Order to Show Cause, Exh. 1. USMS maintains, however, that the investigation into Evans was closed on April 19, 2010. See Return at 3, ¶ 5. Respondent also asserts that on November 18, 2015, a "USMS official checked to see if there were any active detainers lodged by the USMS against defendant and found that there were none." Id. To prove this fact, USMS submitted a print-out of a report purporting to show

3

the results of the USMS official's search for detainers. See id., Exh. 2 (Lodged Detainer Search Results).

Evans subsequently filed a document styled as a "Motion to Conduct 'Discovery', and Reply and Traverse to Respondent's Return/Answer," ECF No. 14, and then filed a "[Supplement] to Reply and Traverse to Respondent's Return." ECF No. 16 (brackets in original). He believes that despite USMS's contention, the detainer still exists in his file. See Mot. at 1. Adding a little meat to the bones of his Complaint, Evans explains that the detainer's indication that USMS intends to be present for his parole hearing "automatically would spook or scare any Ohio State official," effectively converting his present sentence into a sentence of "Life without parole." Suppl. to Reply at 1.

## II.     Legal Standard

In evaluating Defendants' Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff bears the burden of proving that the Court has jurisdiction to hear his claims. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 & n.3 (2006); Arpaio v. Obama, 797 F.3d 11, 19 (D.C. Cir. 2015). A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185

F. Supp. 2d 9, 13 (D.D.C. 2001).  For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim."  Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)).  Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction. . . ."  Jerome Stevens Pharm., 402 F.3d at 1253.

Should the Court find that jurisdiction is lacking, transfer may be appropriate. "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . ."  28 U.S.C. § 1631; cf. id. § 1406(a) ("A district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

**III.    Analysis**

In seeking dismissal of the petition, USMS makes three principal arguments.  First, it maintains that no detainer actually exists in Evans's record.  Second, even if the detainer does still exist, USMS explains that it does not impede his release, but is simply a notification in his file.  Third, even if the detainer does actually operate in the manner Evans believes, he must bring his petition in Ohio, where he is held.  As the last point is determinative of jurisdiction here, it is the sole point the Court need address.

The federal habeas statute "straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"  Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).  The rule prevents a district court from

"entertain[ing] a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004).  The custodian must be within the jurisdiction of the court because "habeas 'does not act upon the prisoner . . . but the person who holds him in what is alleged to be unlawful custody.' . . . [T]he writ is 'directed to, and served upon, not the person confined, but the jailer.'" Chatman-Bey v. Thornburgh, 864 F.2d 804, 812 (D.C. Cir. 1988) (*en banc*) (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973)).  As both Evans and his jailer are in Ohio, a basic reading of the rule would dictate transfer there.

Evans contests such a determination, however, maintaining that "the custody being challenged here is [federal] custody established by . . . the U.S. Marshal[s] Service," as opposed to his immediate physical custody in Ohio.  See Pet., ¶ 13.  He contends that the "immedi[a]te custodian rule does not apply where there is no immediate physical custody with respect to the 'custody' being challenged."  Id. (citing Padilla, 542 U.S. at 439 (internal quotation marks omitted)).  In short, Evans believes that it is the Marshals Service, not the Ohio warden, who is keeping him in custody.  He cites the Supreme Court's decision in Braden as supporting his effort to proceed in this district.  See Pet., ¶¶ 15-17.

Evans's petition, however, is easily distinguished from the one involved in Braden.  The petitioner there was an Alabama prisoner challenging a Kentucky indictment in federal court in Kentucky.  See 410 U.S. at 485.  The Supreme Court permitted him to proceed in Kentucky federal court to challenge custody that would have occurred there; absent that ruling, he would have been whipsawed by the operation of habeas jurisdictional rules in the Fifth and Sixth Circuits, which would have denied him access to any court in which to bring his petition − leaving him in a "Catch 2254."  Id. at 488, 493-500.  Evans, in contrast, is not arguing that the detainer would lead to USMS's taking custody of him; he claims only that it might cause Ohio to

6

delay his release.  Since he is thus challenging the potential extension of his present physical custody by the same custodian and because he does not cite any jurisdictional rule that would prevent him from bringing his petition in Ohio, Braden offers no refuge.

Evans nonetheless implies that USMS's action of placing a detainer in his file constitutes federal action that somehow translates into a form of federal custody.  See Pet., ¶ 13.  Yet, the D.C. Circuit has rejected an analogous position.  In Chatman-Bey, a federal prisoner incarcerated in Pennsylvania filed a complaint in this courthouse alleging that federal prison authorities had miscalculated his parole eligibility by eight years.  The D.C. Circuit held that even though he was challenging the actions of federal authorities generally, the proper "'custodian' for habeas purposes is the warden of the [prison] where the prisoner is incarcerated" at the time his petition is filed.  See 864 F.2d at 813.  Similarly, in Stokes, a South Carolina prisoner previously housed in Ohio challenged the United States Parole Commission's denial of his parole hearing.  See 374 F.3d at 1237.  The D.C. Circuit held that the immediate-custodian rule still applied, and the petition did not fit into any Braden exception because "[a]t the time Stokes filed his petition, the warden of the Ohio facility 'exercise[d] day-to-day control' over" him.  Id. at 1238 (quoting Padilla, 542 U.S. at 442).

As in Stokes, Evans is an out-of-state prisoner challenging the actions of a District of Columbia-based agency that has the potential to extend his Ohio incarceration.  Even if his characterization of his detainer is correct, any additional detention stemming therefrom will occur in Ohio.  His petition is thus subject to the simple rule from Padilla: he "should name his warden as respondent and file the petition in the district of [his] confinement."  542 U.S. at 447.

\*   \*   \*

Under 28 U.S.C. § 1631, "when a court concludes that it lacks jurisdiction, it has the authority to dismiss the action or transfer it in the interest of justice."  Smith v. U.S. Bureau of

7

Prisons, 971 F. Supp. 2d 99, 102 (D.D.C. 2013) (finding it "in the interest of justice and judicial economy to transfer the case to the Central District of California," where immediate custodian of habeas petitioner was located). "Courts have found that transfer is 'in the interest of justice' when, for example, the original action was misfiled by a *pro se* plaintiff or by a plaintiff who, in good faith, misinterpreted a complex or novel jurisdictional provision," Bethea v. Holder, 82 F. Supp. 3d 362, 366 (D.D.C. 2015); here, Plaintiff is both *pro se* and was faced with a somewhat nuanced jurisdictional restriction. The Court, accordingly, finds it in the interests of justice to transfer the case to the Southern District of Ohio, where jurisdiction is proper.

### IV.     Conclusion

For the reasons set forth above, the Court will issue a separate Order transferring the petition to the United States District Court for the Southern District of Ohio.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  April 11, 2016